UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                       )<br>)<br>WILLIAM GREG KROA (1),                     )<br>NOR AM PLASTICS RECYCLING INC.  (2)  ) | Case No. 3:09-CR-0001 RM |

## PETITION TO ENTER A GUILTY PLEA

The defendants above named respectfully represents to the Court as follows:

1. My true name is WILLIAM GREG KROA and I request that all proceedings against me be had in the name which I here declare to be my true name.  NOR AM PLASTICS RECYCLING INC.  is a corporation formed in the State of Indiana.

2. I, William Greg Kroa, was born in the United States of America.  I have attended school including high school and I have the ability to read, write and speak the English language.

3. I am represented by counsel and my lawyer's name is Martin W. Kus.

4. I have received a copy of the two-count Information and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and believe and feel that my lawyer is fully

informed as to all such matters.  My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

    6.    I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

    7.    I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

    (a)    the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

    (b)    the right to be released on reasonable bail until my trial occurs;

    (c)    the right to see, hear and cross-examine all the witnesses against me at my trial;

    (d)    the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

    (e)    the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

    (f)    the right not to testify without prejudice; and,

    (g)    that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

    8.    I understand, also, that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

9.     Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

(a)     The defendants agree to plead guilty to the Information, which charges the defendants with introduction of misbranded medical devices into interstate commerce and with wire fraud.  The defendants agree to plead guilty to these charges because the defendants are in fact guilty of these offenses.  The defendants understand that the defendants have the right to be indicted by a Grand Jury.  The defendants agree to waive in open court their right(s) to have these felony charges presented to a Grand Jury and to consent to the filing of these charges by way of an Information;

(b)     The defendants admit that all of the following are true:

Certain manufactured Bayer diabetic blood glucose test strips were found to be defective with blood glucose error reading rates higher than acceptable.  As a result, Bayer initiated a voluntary Class II recall on these defective Bayer diabetic blood glucose test strips.  In addition, Bayer decided to withhold from sale other Bayer diabetic blood glucose test strips that were damaged in shipment or had expiration dates too close in time for retail sale.  Defendants represented to and promised Bayer and its representatives that defendants would properly dispose of these defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips.  Bayer contracted with the defendants to have the defendants pick up large quantities (more than 42.5 million) of these defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips from a DHL warehouse in South Bend, Indiana.  Pursuant to this agreement, the defendants promised to properly dispose of these quarantined-from-sale products.

The defendants did not properly dispose and destroy these defective, recalled, and otherwise withheld-from-sale Bayer diabetic blood glucose test strips.  Instead, the defendants endeavored to and did sell some of these defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips on E-Bay.  The defendants contracted with a Knox, Indiana E-Bay seller, the Shipping Depot, to list for sale and to sell on E-Bay defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips, including the brands known as Ascensia Contour, Ascensia Elite, and Contour Total Simplicity (TS).

At the defendants' direction, the Shipping Depot then offered for sale and sold defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips to more than 45 buyers on E-Bay through auctions and sales conducted by the Shipping Depot.  Defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips that were misbranded and not properly labeled were then

shipped by the Shipping Depot to buyers who were not informed by any labeling that what they had bought were defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips. The use of such defective and recalled Bayer diabetic blood glucose test strips posed a potential health risk to persons who used them as part of their diabetic blood glucose monitoring. The defendants received payments ($3,700.50) for a share of the proceeds from the Shipping Depot's E-Bay sales of the defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips.

The defendants also wrongfully charged Bayer for the disposal of the defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips and to receive payment from Bayer for such disposal when in fact the defendants failed to destroy or otherwise properly dispose of the defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips. In this regard, the defendants sent invoices to Bayer requesting payment within 30 days for the disposal services. The defendants sent these invoices despite knowing that they had not in fact destroyed or otherwise properly disposed of the quarantined test strips. As part of the fraud, the defendants accepted payments totaling $8,245.50 from Bayer pursuant to these invoices despite the defendants knowing that they had not fulfilled the terms of the agreement with Bayer. In furtherance of this fraud scheme, the defendants knowingly caused to be transmitted by wire in interstate commerce writings and pictures in that the defendants caused the Shipping Depot to auction via the internet and E-Bay defective, recalled, and otherwise withheld from sale Bayer diabetic blood glucose test strips. As part of the e-Bay auction, wire transmissions, including of pictures of the test strips and writings describing the test strips and the terms of the auction and proposed E-Bay sales, were sent throughout the United States via the wires and phone lines used by the internet. The defendants, with the intent to defraud and mislead, introduced and delivered for introduction into interstate commerce these Bayer diabetic blood glucose test strips that were misbranded.

(c) **For Mr. Kroa:** The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 331 and 333(a)(2) is 3 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343 is 20 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100. **For Nor Am:** The statutory maximum fine for each count of the Information is $500,000. The defendants also understand that the court will impose an order of full restitution, which the defendants agree to pay;

(d) The defendants understand that the offense(s) to which they are pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. The defendants are aware

that their sentence will be determined in accordance with applicable sentencing statutes, the United States Sentencing Guidelines, and this plea agreement.  The defendants agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) as set forth in this plea agreement.  With that understanding, the defendants expressly waive any right to appeal the conviction, the sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel.  The defendants also agree not to contest or challenge the conviction, the sentence, any restitution order imposed, or the manner in which the conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any kind of post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

     (e)    I, William G. Kroa, will discuss fully, truthfully, and candidly my knowledge of all criminal activities with representatives of the United States Attorney's Office for the Northern District of Indiana and any other law enforcement agency if requested to do so by the United States Attorney's Office for the Northern District of Indiana;

If requested to do so by the United States Attorney's Office for the Northern District of Indiana, I will testify truthfully, candidly, and completely in grand jury proceedings in the Northern District of Indiana and elsewhere.  Also, if requested to do so, I will testify truthfully, candidly and completely in any trials or other judicial proceedings;

In addition, I will provide to the United States Attorney's Office for the Northern District of Indiana such corroboration as I possess or is under my control.  The defendant William G. Kroa also agrees to provide a personal financial statement to the United States Attorney's Office within 10 days of the filing of this plea agreement.  Nor Am within the same time period agrees to provide to the United States Attorney's Office corporate financial statements for the last three years for Nor Am Plastics Recycling Inc. and other corporations, companies or partnerships related to or affiliated with Nor Am Plastics Recycling Inc. or Mr. Kroa;

     (f)    Mr. Kroa's agreement with the United States Attorney's Office for the Northern District of Indiana has been entered into with the understanding that he has been and will continue to be honest, candid, and truthful in his statements and cooperation.  If the United States Attorney's Office for the Northern District of Indiana later determines that Mr. Kroa has not been honest, candid or truthful, they can petition the Court to declare this agreement to be null and void;

     (g)    The defendants understand that the Court, based upon input from them, their attorneys, and the government as well as an investigation by the United States

Probation Office, will determine the guideline range to be applied at the sentencing;

(h) The defendants fully understand that the United States of America has reserved the right to tell the Sentencing Court the good things about them, and the bad things about them, and has reserved the right to fully inform the Court of the nature and extent of their offense(s);

(i) The government agrees that in recognition of the defendant's acceptance of responsibility for his offense conduct, the defendants entitled to a reduction in the offense level under Guideline § 3E1.1; however, the government's obligation to recommend an acceptance of responsibility reduction under this plea agreement is contingent upon the defendants' continuing manifestation of acceptance of responsibility. Should the defendants deny involvement, give conflicting statements of involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. The defendants understand that the government's recommendation in this respect is a non-binding recommendation and that the Court makes the final decision whether to reduce the defendant's offense level at all and to what extent for acceptance of responsibility. The government agrees that it will make an appropriate motion for a third level of acceptance of responsibility reduction indicating timely acceptance of responsibility as long as the defendants continue to manifest full and complete acceptance of responsibility;

(j) The defendants agree to forfeit or abandon to the United States (at the choice of the United States) any properties involved in or that constitute the proceeds of the defendant's misbranding crime and fraud. The defendants agree to execute any necessary documentation for the completion of the forfeiture or abandonment of these items and properties;

(k) The defendants hereby waive all rights, whether asserted directly or through a representative, to request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, the defendants acknowledge that they have received all discovery required by law prior to the entry of this plea and that the same has reviewed same with defense counsel;

(l) The defendants agree to pay full restitution for all of the losses from his wire fraud and misbranding crimes to Bayer HealthCare LLC. This should include all monies paid by Bayer to the defendants as well as costs incurred in connection with the investigation of this matter and all assistance given to law enforcement authorities. The defendants further agree to pay the special assessments that they owe at the time of sentencing in this matter;

(m) Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

          s/ William Greg Kroa
WILLIAM GREG KROA
Defendant

          s/ William Greg Kroa
NOR AM PLASTICS RECYCLING INC.
By its: President

          s/ Martin W. Kus
Martin W. Kus
Attorney for Defendants

APPROVED:

    DAVID A. CAPP
    UNITED STATES ATTORNEY

        s/ Donald J. Schmid
By:
    Donald J. Schmid
    Assistant United States Attorney